247 S.W.3d 870 (2007)
C.C.B., Appellant,
v.
ARKANSAS DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellee.
No. 06-554.
Supreme Court of Arkansas.
January 25, 2007.
*871 Jeff Rosenzweig, Little Rock, for appellant.
Arkansas Dep't of Health & Human Servs., Office of Chief Counsel, by: Gray Allen Turner, Little Rock, for appellee.
DONALD L. CORBIN, Associate Justice.
Appellant C.C.B. appeals the order of the Pulaski County Circuit Court affirming his placement on the Child Maltreatment Central Registry maintained by Appellee Arkansas Department of Health and Human Services (DHHS). On appeal, C.C.B. argues that: (1) the system utilized by DHHS in operating the registry is unconstitutional; (2) it was error for the administrative law judge to refuse to consider a statutory defense proffered by him and to admit hearsay evidence. As the instant appeal involves a statutory challenge, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(6). We affirm.
The record reveals that C.C.B. was investigated for child abuse after someone placed a call to the child-abuse hotline alleging that C.C.B., who was nineteen at the time, had a sexual encounter with E.D., who was thirteen at the time. During the course of the investigation, authorities interviewed E.D., who reported that she was friends with C.C.B.'s sister and that after talking to C.C.B. on the phone for a couple of hours, he came to her house and snuck in through a bedroom window. According to E.D., the pair engaged in sexual intercourse twice. E.D. also stated that C.C.B. thought she was fifteen. C.C.B. was notified on December 2, 2003, that a finding of child maltreatment had been made against him.[1]
C.C.B. requested an administrative hearing, which was subsequently held on October 14, 2004, and completed on January 5, 2005, to determine whether the finding by the Arkansas State Police Crimes Against Children Division, acting on behalf of the Division of Children and Family Services, that he sexually abused E.D. was supported by a preponderance of the evidence. The administrative law judge entered *872 an order on March 18, 2005, finding that C.C.B., who was nineteen at the time, engaged in consensual sexual intercourse with E.D., who was thirteen at the time. The administrative law judge subsequently concluded that the agency had met its burden of proof by a preponderance of the evidence that C.C.B. sexually abused E.D. and that his name should remain on the central registry.
Pursuant to Ark.Code Ann. § 25-15-212 (Repl.2002) of the Administrative Procedures Act (APA), C.C.B. sought judicial review of the administrative adjudication and appealed the administrative law judge's decision to the Pulaski County Circuit Court. Without holding a hearing, the circuit court entered an order on January 31, 2006, finding that there was substantial evidence to support DHHS's action and that the procedure utilized by DHHS was constitutional. Following entry of the circuit court's order, C.C.B. timely lodged an appeal with this court.
Review of administrative agency decisions, by both the circuit court and appellate court, is limited in scope. Ark. Dep't of Human Servs. v. Thompson, 331 Ark. 181, 959 S.W.2d 46 (1998). The standard of review to be used by both the circuit court and the appellate court is whether there is substantial evidence to support the agency's findings. Id. Thus, the review by the appellate court is directed not to the decision of the circuit court, but rather to the decision of the administrative agency. Id. The circuit court or appellate court may reverse the agency decision if it concludes:
(h) [T]he substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the agency's statutory authority;
(3) Made upon unlawful procedure;
(4) Affected by other error or law;
(5) Not supported by substantial evidence of record; or
(6) Arbitrary, capricious, or characterized by abuse of discretion.
Id. at 185, 959 S.W.2d at 48.
The agency's decision will be upheld if there is any substantial evidence to support it. Teston v. Ark. State Bd. of Chiropractic Exam'rs, 361 Ark. 300, 206 S.W.3d 796 (2005). Substantial evidence is evidence that is valid, legal, and persuasive and that a reasonable mind might accept to support a conclusion and force the mind to pass beyond speculation and conjecture. Ark. Bd. of Exam'rs in Counseling v. Carlson, 334 Ark. 614, 976 S.W.2d 934 (1998). The question is not whether the testimony would have supported a contrary finding, but whether it would support the finding that was made. Id. It is the prerogative of the board to believe or disbelieve any witness and to decide what weight to accord the evidence. Id.
Remaining mindful of this standard, we now turn to the arguments on appeal. As his first point on appeal, C.C.B. challenges the constitutionality of the statutes and procedures utilized by DHHS in operating the central registry. Specifically, C.C.B. argues that the structure of DHHS's hearing process entails a conflict of interest in that the administrative law judge who presided over the administrative hearing is part of the Office of Chief Counsel and subordinate to the chief counsel. Thus, according to C.C.B., because the administrative law judge and the prosecutor come from the same agency, in which the judge is subordinate to the chief prosecutor, there is a violation of C.C.B.'s right to due process of law under the *873 Fourteenth Amendment to the United States Constitution, as well as article 2, section 8, of the Arkansas Constitution. C.C.B. also argues that his due-process rights are further violated by the fact that the judicial branch gives deference to a decision made by a fact-finder who labored under such a conflict of interest.
In support of his argument, C.C.B. points to the United States Supreme Court's decision in Concrete Pipe & Products of California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993), wherein the Court stated in part that:
As against these supposed threats to the trustees neutrality, due process requires a "neutral and detached judge in the first instance," and the command is no different when a legislature delegates adjudicative functions to a private party. . . . "That officers acting in a judicial or quasi-judicial capacity are disqualified by their interest in the controversy to be decided is, of course, the general rule." Before one may be deprived of a protected interest, whether in a criminal or civil setting, one is entitled as a matter of due process of law to an adjudicator who is not in a situation which would offer a possible temptation to the average man as a judge . . . "`which might lead him not to hold the balance nice, clear and true. . . .'" Even appeal and trial de novo will not cure a failure to provide a neutral and detached adjudicator.
Id. at 617-18, 113 S.Ct. 2264 (citations omitted).
He further argues that the Court's opinions in Ward v. Village of Monroeville, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972), and Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927), dictate that a hearing before a neutral and detached magistrate, and one who appears to be neutral and detached, is required. While the cases cited by C.C.B. do hold that a party is entitled to a neutral and detached magistrate, those cases do not support the argument advanced by C.C.B. in this case as they are factually distinguishable. In each of those cases, a party was faced with a situation where he had to appear before a judge who had a direct pecuniary interest in the outcome of the hearing, and the Court held that such a situation violated the Fourteenth Amendment and deprived the parties of their right to due process. It is not enough to allege that because the administrative law judge is an employee of the Office of Chief Counsel that he has a pecuniary interest in placing C.C.B.'s name on the central registry.
Such a conclusion is in line with this court's cases dealing with the necessity of an impartial adjudicator in the administrative forum. We have held that a party appearing before an administrative agency is entitled to due process in the proceedings. See Smith v. Everett, 276 Ark. 430, 637 S.W.2d 537 (1982). This court has further held that:
A fair trial by a fair tribunal is a basic requirement of due process. This rule applies to administrative agencies as well as to courts. See Sexton v. Ark. Supreme Ct. Comm. on Profess. Conduct, 299 Ark. 439, 774 S.W.2d 114 (1989); See also Arkansas Elec. Energy Consumers v. Ark. Pub. Serv. Comm'n, 35 Ark.App. 47, 813 S.W.2d 263 (1991). Administrative agency adjudications are also subject to the "appearance of bias" standard applicable to judges. Acme Brick Co. v. Missouri Pac. R.R., 307 Ark. 363, 821 S.W.2d 7 (1991). As the underlying philosophy of the Administrative Procedures Act is that fact finding bodies should not only be fair but appear to be fair, it follows that an *874 officer or board member is disqualified at any time there may be reasonable suspicion of unfairness. Ark. Racing Comm'n v. Emprise Corp., 254 Ark. 975, 497 S.W.2d 34 (1973).
Wacaser v. Insurance Comm'r, 321 Ark. 143, 149, 900 S.W.2d 191, 195 (1995). In Wacaser, this court concluded that a hearing's appearance of impartiality was not compromised where the Insurance Commissioner, who had been involved in a public dispute with the appellant, had a limited participation in the revocation hearing and ultimately withdrew from the proceeding.
Here, the only allegation regarding the appearance of impropriety is based on the fact that the administrative law judge and prosecutor are employees of the agency seeking to keep C.C.B.'s name on the registry. This allegation standing alone is insufficient to demonstrate bias or even an appearance of bias. As the Supreme Court has recognized, the combination of investigative and adjudicative functions does not, without more, constitute a due-process violation. See Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). There, the Court stated:
The contention that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication has a much more difficult burden of persuasion to carry. It must overcome a presumption of honesty and integrity in those serving as adjudicators; and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individuals poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented.
Id. at 47, 95 S.Ct. 1456. While the Court in Withrow cautioned that the dual functions of investigation and adjudication could certainly give rise to a due-process violation, it made clear that such a scheme does not automatically result in such a violation.
In sum, this court has concluded that an appellant, in attacking an administrative procedure on the basis of a denial of due process, has the burden of proving its invalidity. Omni Farms, Inc. v. A P & L, 271 Ark. 61, 607 S.W.2d 363 (1980). Appellant has not demonstrated that he was denied due process under either the Fourteenth Amendment or article 2, section 8 simply based on the statutory scheme and procedures in place in this case. Accordingly, we reject his argument in this regard.
Before leaving this point, we also note that within his due-process argument, C.C.B. also argues that the standard of evidence, specifically the preponderance standard, utilized in cases such as his is too low. He maintains that the proof submitted in support of placing someone on the registry should be established by a clear and convincing standard. In this regard, he argues that state action that restricts a person from certain occupations is a liberty interest protected by the Fourteenth Amendment and, thus, requires proof of at least clear and convincing evidence. Appellant acknowledges the Supreme Court's holding in Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), that mere damage to reputation is not a liberty interest but that damage to reputation plus impeding employment do invoke a liberty and property interest.
The traditional standard required in a civil or administrative proceeding is proof by a preponderance of the evidence. See Bender v. Clark, 744 F.2d 1424 (10th *875 Cir.1984); Johnson v. Ark. Bd. of Exam'rs in Psychol., 305 Ark. 451, 808 S.W.2d 766 (1991). This standard is codified in the context of a child-maltreatment investigation at Ark.Code Ann. § 12-12-512 (Repl. 2003), which provides that before a determination of child maltreatment can be entered it must be proven by a preponderance of evidence.
In this case, C.C.B. argues that the preponderance standard is unconstitutionally low but his argument is not well taken for two reasons. First, C.C.B. discusses a liberty interest and speaks in general that placement on the registry may impede him from obtaining employment. The record does not reveal, however, that C.C.B. ever sought or was denied a specific employment opportunity because of his placement on the central registry. Second, C.C.B. never alleges that had the standard of proof been the higher clear and convincing standard that he would have prevailed below. We have repeatedly held that we will not reverse in the absence of a demonstration of prejudice. See Perroni v. State, 358 Ark. 17, 186 S.W.3d 206 (2004); Stivers v. State, 354 Ark. 140, 118 S.W.3d 558 (2003); Ridling v. State, 348 Ark. 213, 72 S.W.3d 466 (2002); Ramaker v. State, 345 Ark. 225, 46 S.W.3d 519 (2001). C.C.B. has failed to demonstrate that he was prejudiced by the use of the preponderance standard. Accordingly, we reject his argument on this point.
As his second point on appeal, C.C.B. argues that his rights under the APA were violated when the administrative law judge overruled his objection to hearsay testimony and refused to consider a statutory defense raised at the hearing. Specifically, C.C.B. alleges that his sexual encounter with E.D. was not a violation of any law, as evidenced by the General Assembly's enactment of Ark.Code Ann. § 5-14-102 (Repl.2003), that provides an affirmative defense based on mistake of age where the child is younger than thirteen and the actor is younger than twenty, as was the case here. C.C.B. also alleges that the administrative law judge relied on hearsay evidence, specifically the testimony of Nichetra Magee, the investigator in this case, and the reports filed in connection with the investigation to find that he committed child maltreatment. According to C.C.B., the administrative law judge's refusal to consider this defense, combined with the admission of hearsay testimony was arbitrary, capricious, and an abuse of discretion.
In the instant case, the evidence clearly demonstrated that C.C.B. engaged in sexual intercourse with a girl who was thirteen and this action constituted sexual abuse warranting C.C.B.'s placement on the central registry. Specifically, Ark.Code Ann. § 12-12-503(6) (Repl.2003), defines child maltreatment as "abuse, sexual abuse, neglect, sexual exploitation, or abandonment." The fact that there was also evidence, in the form of an admission by the victim, that C.C.B. thought she was fifteen is not sufficient to negate the finding of child maltreatment. It was within the prerogative of the administrative law judge to consider and reject the defense proffered by C.C.B. Moreover, this court has recognized that an administrative proceeding is civil in nature and that the rules of evidence need not be strictly adhered to. See Kuhl v. Ark. State Bd. of Chiropractic Exam'rs, 236 Ark. 58, 364 S.W.2d 790 (1963). This court has elaborated:
A hearing before a board does not cease to be fair because rules of evidence and procedure governing judicial proceedings are not followed or evidence has been improperly rejected or received. The hearing cannot be said to be unfair unless the defect might have led to a *876 denial of justice or an element of due process is absent.
Piggott State Bank v. State Banking Bd., 242 Ark. 828, 837, 416 S.W.2d 291, 297 (1967) (citing Kuhl, 236 Ark. 58, 364 S.W.2d 790).
Simply stated, C.C.B.'s argument regarding the rejection of his defense and the admission of hearsay evidence is not sufficient to demonstrate that the administrative law judge's decision was arbitrary, capricious, and an abuse of discretion. In order to set an agency decision aside as arbitrary and capricious, an appellant must demonstrate that the decision was made without consideration and with a disregard of the facts. H.T. Hackney Co. v. Davis, 353 Ark. 797, 120 S.W.3d 79 (2003). C.C.B. has not established as much in this case, and we therefore reject his argument.
Affirmed.
IMBER, J., not participating.
NOTES
[1] A criminal investigation was conducted in this matter but no criminal charges were brought against C.C.B.