SLIP OPINION



Cite as 2013 Ark. 323

# SUPREME COURT OF ARKANSAS

No. CV–12–1006

|  |  |
|---|---|
| | **Opinion Delivered** September 12, 2013 |
| JOSE MARRUFO<br>APPELLANT | APPEAL FROM THE SEVIER<br>COUNTY CIRCUIT COURT<br>[NO. CV–2011–27–2] |
| V. | |
| ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES | HONORABLE CHARLES A.<br>YEARGAN, JUDGE |
| APPELLEE | <u>AFFIRMED</u>. |

**JOSEPHINE LINKER HART, Associate Justice**

The Sevier County Circuit Court affirmed an administrative decision from the Arkansas Department of Human Services, Office of Appeals and Hearings (Department), placing Jose Marrufo on the Arkansas Child Maltreatment Central Registry (Registry). Marrufo raises two issues in this appeal. First, he contends that because the Department failed to timely conduct an administrative hearing within the statutory time frame of 180 days, the proceedings should have been dismissed. Second, he contends that the administrative law judge (ALJ) erred in failing to find that he proved an affirmative defense to his placement on the Registry. We affirm.

We accepted certification of this case from the Arkansas Court of Appeals as an appeal involving substantial questions of law concerning the construction and interpretation of an act of the General Assembly. Ark. Sup. Ct. R. 1–2(b)(6) (2012). In this appeal, we review the Department's decision, not the circuit court's decision. *Northport Health Servs. of Ark., LLC*

*v. Ark. Dep't of Human Servs.*, 2009 Ark. 619, 363 S.W.3d 308. In reviewing administrative decisions, we may reverse an agency decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are in violation of constitutional or statutory provisions; in excess of the agency's statutory authority; made upon unlawful procedure; affected by other error or law; not supported by substantial evidence of record; or arbitrary, capricious, or characterized by abuse of discretion. Ark. Code Ann. § 25-15-212(h) (Repl. 2002). The agency's decision will be upheld if there is any substantial evidence to support it. *C.C.B. v. Ark. Dep't of Health & Human Servs.*, 368 Ark. 540, 247 S.W.3d 870 (2007).

For his first point on appeal, Marrufo contends that because the Department failed to timely conduct an administrative hearing within the statutory time frame of 180 days, the administrative proceedings should have been dismissed. Resolution of this issue requires a discussion of the relevant law and the procedural history of this case.

Arkansas Code Annotated section 12-12-512(c) (Supp. 2007) (repealed 2009), provided in part as follows:

> (2) The administrative hearing process must be completed within one hundred eighty (180) days from the date of the receipt of the request for a hearing, or the petitioner's name shall be removed from the central registry, provided that:
>
>> (A) Delays in completing the hearing that are attributable to the petitioner shall not count against the one-hundred-eighty-day limit[.]

Effective July 31, 2009, that statute was repealed and a new statute passed into law. Arkansas Code Annotated section § 12-18-801 (Repl. 2009) provided in part as follows:

> (a)(1)(A) The administrative hearing process under this chapter must be completed

within one hundred eighty (180) days from the date of the receipt of the request for a hearing, or the administrative law judge shall enter an order overturning the investigative agency's investigative determination of true.

(B) However, delays in completing the administrative hearing that are attributable to the petitioner shall not count against the limit of one hundred eighty (180) days.

Under both statutory rubrics, the petitioner could request an administrative hearing. Ark. Code Ann. § 12-12-512(c)(1)(C)(ii); Ark. Code Ann. § 12-18-706(2) (Repl. 2009).

The Crimes Against Children Division of the Arkansas State Police sent Marrufo a Child Maltreatment Investigative Determination Notice dated January 8, 2009, advising him that it had received an allegation of suspected child maltreatment involving M.H., a minor, that occurred in December 2008. The letter stated that a preponderance of the evidence indicated that the allegation should be determined as true and that Marrufo's name should be put on the Registry and further advised Marrufo that he could request an administrative hearing. By letter from his attorney dated January 16, 2009, Marrufo requested an administrative hearing, asserting that he disagreed with the determination that his name be placed on the Registry. The letter advised that a criminal proceeding was pending involving Marrufo and the minor.

By letter dated January 21, 2009, the Department responded, informing Marrufo's attorney that because of an ongoing criminal investigation, the hearing was "stayed pending final disposition of the investigation or the charges" and that the "180 day time limit shall not apply until the hearing is scheduled." The Department also noted that it was Marrufo's obligation to report to the Department the final disposition of those proceedings. Marrufo,

in a letter from his attorney dated May 1, 2009, sent the Department a copy of an order filed April 24, 2009, reflecting that Marrufo had pleaded guilty to public sexual indecency, a Class A misdemeanor.

The Department notified Marrufo in writing that a hearing would be held August 26, 2009. That notification further advised him that if he requested a continuance, he must state in writing the reason he wanted a continuance and agree to waive the time frame for completing the hearing. The written notice further noted that if he requested a continuance, "the delay in completing the hearing will be attributed to you and will <u>not</u> count against any time limit for completion of your case." (Emphasis in original.)

In a letter dated August 10, 2009, Marrufo's attorney requested a continuance, noting that he had a week-long trial pending the week of the hearing. The Department, in a written response dated August 18, 2009, stated that the hearing had been cancelled and continued and that the "hearing will be scheduled under separate cover." Accompanying the Department's letter was an order from an ALJ dated August 18, 2009, stating that the hearing for August 26, 2009, had been "cancelled and continued due to the Petitioner's attorney's availability" and that the "matter will be rescheduled for the earliest available hearing date."

Some seventeen months later, the Department, by letter dated January 6, 2011, notified Marrufo that a hearing was scheduled for February 8, 2011. At the hearing, Marrufo's attorney acknowledged that he had moved for a continuance, but he asserted that it was not Marrufo's responsibility to reset the hearing and that the case had not been reset until several months had passed. Marrufo's attorney moved to dismiss because the hearing had not been held within

the 180-day time limit. The ALJ denied the motion. In his subsequent appeal to the circuit court, he asserted that the February 8, 2011 hearing before the ALJ was untimely. The circuit court affirmed the Department's order, opining that Marrufo had waived the time of the hearing by requesting a continuance. Marrufo now appeals.

Although Marrufo acknowledges that a hearing was scheduled for August 26, 2009, and that he requested a continuance on August 10, 2009, he argues that the February 8, 2011 hearing was well past the 180-day time limit set out in the statute. The crux of his assertion is that the delay should not be attributable to him and that the Department should have acted expeditiously by promptly resetting the hearing following his request for a continuance.

At the time Marrufo requested his continuance, Arkansas Code Annotated section 12-18-801(a)(1)(B) provided that the "administrative hearing process . . . must be completed within one hundred eighty (180) days from the date of the receipt of the request for a hearing" and that "delays in completing the administrative hearing that are attributable to the petitioner shall not count against the limit of one hundred eighty (180) days." Here, Marrufo requested a continuance, and the ensuing delay was attributable to him. Given that Marrufo asked for a continuance, the time was not counted against the 180-day limit. We thus hold that the hearing was not untimely held.

For his second issue, Marrufo contends that the ALJ erred by failing to consider evidence of an affirmative defense to his placement on the Registry. A discussion of the relevant law and the ALJ's findings is necessary for resolution of the issue.

Arkansas Code Annotated section 12-12-512(a)(2)(A)(ii)*(b)* (Supp. 2007) (repealed

2009), provided that "for any act . . . of maltreatment which would be a criminal offense . . ., any . . . affirmative defense that would be applicable to the criminal offense . . . is also cognizable in a child maltreatment proceeding." A subsequently enacted statute similarly provided that "for any act . . . of child maltreatment that would be a criminal offense . . ., any . . . affirmative defense that would be applicable to the criminal offense . . . is also cognizable in a child maltreatment proceeding." Ark. Code Ann. § 12-18-804 (Repl. 2009). Our criminal statutes provide that "[w]hen criminality of conduct depends on a child's being below a critical age older than fourteen (14) years, it is an affirmative defense that the actor reasonably believed the child to be of the critical age or above." Ark. Code Ann. § 5-14-102 (d)(1) (Repl. 2006). "Child maltreatment" includes sexual abuse. Ark. Code Ann. § 12-12-503(6) (Supp. 2007) (repealed 2009). "Child maltreatment" was defined in the same manner in a subsequent enactment. Ark. Code Ann. § 12-18-103(6) (Repl. 2009). "Sexual abuse" includes sexual intercourse "[b]y a person eighteen (18) years of age or older to a person not his or her spouse who is younger than sixteen (16) years of age." Ark. Code Ann. § 12-12-503(17)(B)(i). It was defined in the same manner in a subsequent enactment. Ark. Code Ann. § 12-18-103(18)(B)(i) (Repl. 2009).

In the order dated August 18, 2009, the ALJ granted in part and denied in part a motion for summary judgment against Marrufo. The order noted that it was alleged that eighteen-year-old Marrufo had sexual intercourse with M.H., who was younger than sixteen years old, and that a criminal information had been filed charging Marrufo with Class D felony sexual indecency with a minor. The order noted that the charge was amended and

6

SLIP OPINION

Marrufo pleaded guilty to Class A misdemeanor public sexual indecency. The ALJ found that, based on his conviction for public sexual indecency, "the issue of whether or not Mr. Marrufo committed an act of sexual intercourse, deviant sexual activity or sexual contact has been judicially determined." The ALJ further observed, however, that there remained "a material fact to be adjudicated, including whether or not the act of sexual intercourse, deviant sexual activity or sexual contact constitutes sexual abuse under the Child Maltreatment Act."

At the February 8, 2011 hearing, M.H. testified that on December 6, 2008, when she was fourteen years old, she engaged in sexual intercourse with Marrufo and that she was not married to Marrufo. She further testified that at some point before the night she had sex with him, she told Marrufo that she was sixteen years old.

In a final order dated February 2, 2011, the ALJ found that at the time of the incident, Marrufo was eighteen years old, that M.H. was fourteen years old, and that they were not married. The ALJ noted that Marrufo admitted to investigators that he had sexual intercourse with M.H. on December 6, 2008, and M.H. testified similarly. The ALJ found M.H.'s testimony to be credible. The ALJ further observed that Marrufo did not appear at the hearing. The ALJ noted that Marrufo's counsel asserted the affirmative defense that Marrufo reasonably believed M.H. was sixteen at the time of the incident. The ALJ also noted, however, that Marrufo did not testify that he believed M.H. was sixteen at the time that he had sexual intercourse with her and that no such statement or assertion by Marrufo was in the record. The ALJ found that "there is no evidence that [Marrufo] believed M.H. was sixteen

SLIP OPINION

years of age or older at the time of the incident."

In his conclusions of law, the ALJ noted that "sexual abuse" included a person eighteen years or older engaging in sexual intercourse with a person younger than sixteen years of age who was not his spouse. The ALJ found that the Department met its burden of proving by a preponderance of the evidence that Marrufo was a person eighteen years of age or older, that M.H. was a person younger than sixteen years of age, that Marrufo engaged in sexual intercourse with M.H., and that Marrufo and M.H. were not married.

The ALJ further noted that for any act of maltreatment that would also be a criminal act, a petitioner may raise any defense or affirmative defense that would be applicable in the criminal proceeding. The ALJ noted that it is an affirmative defense that the actor reasonably believed the child to be of a critical age or above. The ALJ opined that the critical age in this case was sixteen years old, and if Marrufo could establish, by a preponderance of the evidence, that he reasonably believed M.H. was sixteen years of age or older when the sexual act occurred, he would have a defense to the maltreatment allegation. The ALJ held that Marrufo did not meet his burden of proof as he "did not testify nor make any statement during the investigation that he believed M.H. was sixteen (16) when he had sex with her," and "[i]n the absence of any proof, I cannot find that [Marrufo] carried his burden." Marrufo sought review by the circuit court, and the circuit court affirmed the Department's order, opining that Marrufo failed to prove his affirmative defense, as he failed to testify.

On appeal, while admitting that he was eighteen years old and M.H. was fourteen

years old at the time of the incident, Marrufo notes that M.H. testified at the hearing that she told him she was sixteen. He also asserts that the case records show that another person who had sex with M.H. that same night told law enforcement officers that he believed M.H. was nineteen or twenty years old. He contends that substantial evidence established that he reasonably believed that M.H. was sixteen years old at the time of the incident and that the ALJ's decision was made without consideration and with a complete disregard of the facts.

Here, Marrufo at the age of eighteen, engaged in sexual intercourse with a girl who was fourteen, and this action constituted sexual abuse warranting Marrufo's placement on the Registry. Even though M.H. testified that she told Marrufo she was sixteen years old, it is not sufficient to negate the finding of child maltreatment. It was within the prerogative of the ALJ to consider and reject Marrufo's proffered defense. *See C.C.B. v. Ark. Dep't of Health & Human Servs.*, 368 Ark. at 547–48, 247 S.W.3d at 875–76 (affirming the ALJ's rejection of an affirmative defense). Marrufo has not established that the ALJ's decision was not supported by substantial evidence, and we therefore reject his argument.

Affirmed.


*Jason Horton Law Firm*, by: *Jason Horton*, for appellant.

*Tabitha Baertels McNulty*, Office of Chief Counsel, for appellee.