RITA W. GRUBER, Chief Judge
The Arkansas Department of Human Services (DHS) appeals from the circuit court's reversal of an administrative decision placing Santino Salcido's name on the Child Maltreatment Central Registry. The DHS Office of Appeals and Hearings (OAH) dismissed Salcido's appeal due to his failure to timely provide it with a copy of the final disposition of his criminal proceeding. On Salcido's petition for review of the administrative order dismissing his appeal, the circuit court remanded for a hearing on the merits. We reverse the decision of the circuit court and affirm OAH's order dismissing the case.
On April 2, 2014, a referral alleging the child maltreatment of AP listed Salcido as the alleged offender. The investigative agency determined the allegation to be true based on the preponderance of the evidence. On July 1, 2014, notice of the finding was mailed to Salcido, who timely submitted a written request for an administrative hearing. OAH set the hearing for September 4, 2014. Salcido subsequently obtained counsel. Pursuant to his counsel's *512 request, OAH granted Salcido a continuance and reset the hearing for October 12, 2014, to allow counsel to familiarize himself with the case.
Before the September hearing occurred, the parties learned that criminal charges regarding the matter had been filed on June 12, 2014, and the OAH administrative law judge (ALJ) sent a letter to Salcido's counsel staying the administrative hearing pending resolution of the criminal charges. The ALJ's letter dated October 13, 2014, stated the following:
Based on information provided to the Office of Appeals and Hearings by CACD that a criminal charge has been filed regarding the occurrence that is the subject of the administrative hearing, the hearing is stayed. The 180 day time limit shall not apply during this stay.
Pursuant to Ark. Code Ann. 12-18-801 , the hearing is stayed pending final disposition of the charges. It shall be your duty as the petitioner to report the final disposition of the proceeding to this office, including a file-marked copy of the disposition. The administrative case will be dismissed and your name will be placed on the Child Maltreatment Central Registry, if you as the petitioner fail to provide a file-marked copy of the final disposition of the criminal proceedings within thirty (30) days of the entry of a dispositive judgment or order.
At the expiration of one (1) year from the date the criminal charge was filed, the stay will be lifted and the case will be set for an administrative hearing if no final disposition has been provided to the OAH.
A stay may only be extended after one (1) year upon a written notice from the party requesting the extension that the criminal proceeding is still ongoing. Please pay careful attention to the reporting requirements imposed on the Petitioner in this letter.
(Emphasis in original.)
On February 24, 2016, over a year and a half after the criminal charges had been filed, OAH sent a notice that a hearing had been scheduled for May 5, 2015. A corrected notice was emailed on March 8, 2016, with the correct hearing date of May 5, 2016. On March 8, Salcido's counsel emailed OAH stating that the criminal matter was still pending and it was his understanding the administrative hearing could not proceed until the criminal process was complete. After checking Court Connect records for Salcido, OAH discovered that Salcido's case had been "nolle prossed," at which point OAH emailed a request to Salcido's counsel for the new criminal-hearing date.
On April 21, 2016, Salcido's counsel emailed OAH indicating that he had "just talked to the Circuit Clerk in Logan County" regarding the criminal case and discovered that it had been dismissed on August 7, 2015. He explained that he had not been provided a copy of the order of dismissal until that day. On May 3, 2016, the ALJ sent an email to Salcido's counsel and DHS counsel notifying them that the appeal was dismissed because a file-marked copy of the order in the criminal case had not been provided to OAH within thirty days of its filing, that the hearing was canceled, and that he would promptly issue an order to that effect. An order was issued the same day dismissing Salcido's appeal due to his failure to provide a file-marked copy of the disposition of his criminal case within thirty days of its entry as required by Ark. Code Ann. § 12-18-801(b)(3)(D)(ii) (Repl. 2016).
On June 3, 2016, Salcido filed a petition for review of the ALJ's decision with the circuit court. He argued that he had been denied due process because he was never *513 afforded a hearing and a chance to confront the witnesses against him. He argued that he received no notice of the dismissal order entered in the criminal case and learned of it only after calling in April 2016 to inquire as to the status of his case. The circuit court heard arguments and entered an order on April 18, 2018, effectively nullifying the ALJ's decision and remanding for a hearing on the merits. See Ark. Dep't of Fin. & Admin. v. Naturalis Health, LLC , 2018 Ark. 224, 549 S.W.3d 901. DHS appealed the circuit court's decision to this court.
Our review of administrative agency decisions is directed not to the decision of the circuit court but to the decision of the agency because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts to determine and analyze legal issues affecting their agencies. Staton v. Ark. State Bd. of Collection Agencies , 372 Ark. 387, 390, 277 S.W.3d 190, 192 (2008). When reviewing such decisions, we uphold them if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. Id. at 390, 277 S.W.3d at 193. We review issues of statutory interpretation de novo, City of Ft. Smith v. Carter , 372 Ark. 93, 95, 270 S.W.3d 822, 824 (2008) ; however, the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong. Seiz Co. v. Ark. State Highway & Transp. Dep't , 2009 Ark. 361, at 2, 324 S.W.3d 336, 338. The Arkansas Administrative Procedure Act (APA) provides that a reviewing court may reverse or modify the agency's decision if it concludes that the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions, (2) in excess of the agency's statutory authority, (3) made upon unlawful procedure, (4) affected by other error or law, (5) not supported by substantial evidence of record, or (6) arbitrary, capricious, or characterized by abuse of discretion. Ark. Code Ann. § 25-15-212(h) (Supp. 2017).
On appeal, DHS contends that the governing statute required the ALJ to dismiss the appeal for Salcido's failure to timely provide the final disposition in his criminal case; the statute does not provide a "good cause" exception to this requirement; and Salcido did not preserve his due process arguments for appellate review because he failed to raise them at the administrative level. We turn first to the relevant statute, which provides in pertinent part as follows:
(a)(1) (A) The administrative hearing under this chapter shall begin within one hundred eighty (180) days from the date of the receipt of the request for a hearing.
(B) However, delays in completing the administrative hearing that are attributable to either party shall not count against the limit of one hundred eighty (180) days if the administrative law judge determines that good cause for the delay is shown by the party requesting the delay and the request for delay is made in writing and delivered to the Office of Appeals and Hearings of the Department of Human Services and all other parties.
....
(b)(1) The limit of one hundred eighty (180) days for an administrative hearing under this chapter shall not apply if upon request of any party a stay is granted as permitted under this section.
*514 (2) The administrative law judge may stay the case upon a showing by any party that there is an ongoing criminal or delinquency investigation regarding the occurrence that is the subject of the child maltreatment report.
(3)(A) If a criminal or delinquency proceeding is filed regarding the occurrence that is the subject of the child maltreatment report and a request for a stay is accompanied by the written notification of the date the criminal or delinquency proceeding was filed by a party, the administrative hearing shall be stayed for a period of not more than one (1) year from the date the criminal or delinquency proceeding is filed.
(B) The stay shall be lifted and the case set for a hearing upon the earlier of:
(i) A petition and showing by any party that there is good cause to conduct the administrative hearing before the conclusion of the criminal or delinquency proceeding;
(ii) The final disposition of the criminal or delinquency proceeding; or
(iii) The expiration of one (1) year from the date the criminal or delinquency proceeding was filed.
(C) A stay granted under this section may be extended after the one-year expiration upon a written notice from the requesting party that the criminal or delinquency investigation or proceeding is still ongoing.
(D)(i) It is the duty of the petitioner to report the final disposition of the criminal or delinquency proceeding to the office for a stay granted under this subdivision (b)(3).
(ii) The case shall be dismissed and the petitioner's name placed on the Child Maltreatment Central Registry if the petitioner fails to provide a file-marked copy of the final disposition of the criminal or delinquency proceeding within thirty (30) days of the entry of the final disposition.
(4) The administrative law judge shall stay the case upon a request by the Department of Human Services or the Department of Arkansas State Police when there is an ongoing criminal or delinquency investigation or pending criminal charges regarding the occurrence that is the subject of the child maltreatment report.
Ark. Code Ann. § 12-18-801 (Repl. 2016).
The Arkansas Supreme Court has held that a party appearing before an administrative agency is entitled to due process in the proceeding. Smith v. Ark. Dep't of Human Servs. , 2018 Ark. App. 438, at 8, 559 S.W.3d 291 (citing C.C.B. v. Ark. Dep't of Health & Human Servs. , 368 Ark. 540, 247 S.W.3d 870 (2007) ). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Ark. Dep't of Corr. v. Bailey , 368 Ark. 518, 525, 247 S.W.3d 851, 856 (2007) (citing Mathews v. Eldridge , 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) ).
There is no dispute in this case regarding whether Salcido received notice of the true report of maltreatment; he did. There is no dispute that he timely requested an administrative hearing; he did. Finally, there is no dispute that OAH stayed Salcido's hearing because of his pending criminal case concerning the events that were the subject of the child-maltreatment report; it did. The dispute concerns the effect of Salcido's failure to follow the clear statutory requirement that he "provide a file-marked copy of the final disposition of the criminal or delinquency proceeding within thirty (30) days of the entry of the final disposition." This failure prompted the ALJ to dismiss the case pursuant to *515 Ark. Code Ann. § 12-18-801(b)(3)(D)(ii). Salcido alleged that enforcement of the statute against him violated his right to due process because the circuit court did not inform him of the disposition of his criminal case when it entered the order, and he did not discover that his case had been dismissed until almost nine months later when his counsel called to check the status of his case.
Salcido was granted two continuances of his administrative appeal. When the ALJ granted the second continuance, staying the hearing due to the pending criminal charges, he sent Salcido's counsel a letter specifically setting forth Salcido's duties:
Pursuant to Ark. Code Ann. 12-18-801 , the hearing is stayed pending final disposition of the charges. It shall be your duty as the petitioner to report the final disposition of the proceeding to this office, including a file-marked copy of the disposition. The administrative case will be dismissed and your name will be placed on the Child Maltreatment Central Registry, if you as the petitioner fail to provide a file-marked copy of the final disposition of the criminal proceedings within thirty (30) days of the entry of a dispositive judgment or order.
Indeed, in the final paragraph of the letter, the ALJ again reminded counsel to "Please pay careful attention to the reporting requirements imposed on the Petitioner in this letter." The ALJ very clearly explained that timely reporting the disposition of Salcido's criminal case was critically important. Moreover, according to Ark. Code Ann. § 12-18-801(b)(3)(B), the stay in this case was to be lifted on June 12, 2015, a year after Salcido's criminal case was filed unless extended upon written notice from Salcido that the criminal proceeding was still ongoing. There is no record that Salcido ever provided such a notice. In any case, he failed to inform OAH of the August 7, 2015, dismissal of his case until OAH notified him that it had scheduled a hearing for May 5, 2016.
Arkansas law imposes a duty on lawyers and litigants to exercise reasonable diligence to keep up with the status of their cases. Barber v. State , 2015 Ark. 267, at 2, 2015 WL 3542161. The statutory mandate requiring Salcido to provide a file-marked copy of the disposition within thirty days of entry is clear. There is no "good faith" exception for failure to comply. The ALJ specifically informed him of this requirement and the stiff penalty for failure to adhere to it in a letter to Salcido's counsel. Salcido was provided the opportunity to be heard, and his substantial rights have not been prejudiced. Therefore, we affirm OAH's decision and reverse the order of the circuit court.
Reversed.
Gladwin and Brown, JJ., agree.