Cite as 2020 Ark. App. 572

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-18-978

|  |  |
|---|---|
| | **Opinion Delivered:** December 9, 2020 |
| KOSMIC KIDZ OUTREACH, INC., AND FREDRICK JACKSON <br> APPELLANTS | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-17-762] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES <br> APPELLEE | HONORABLE ROBERT H. WYATT, JR., JUDGE |
| | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellants Kosmic Kidz Outreach, Inc., and its director, Fredrick Jackson, appeal the October 10, 2018 order of the Jefferson County Circuit court denying their petition for judicial review. Appellants contend that their substantial rights were prejudiced by the agency's decision to terminate them from CACFP participation. We affirm.

Kosmic Kidz participated in the Child and Adult Care Food Program (CACFP), a federal program that provides reimbursements for nutritious meals and snacks to eligible children and adults who are enrolled for care in participating centers. Following a compliance review by the Arkansas Department of Human Services (DHS) in early 2016, Kosmic Kidz was issued a "Notice of Serious Deficiency/Need for Corrective Action Plan" and "Notice of Fiscal Action/Right to Appeal" on April 7, 2016. In the notice, Kosmic Kidz was informed that as of February 26, it was seriously deficient in light of the findings

of DHS's compliance review. There was a total of fifteen seriously deficient findings made against Kosmic Kidz. Appellant Jackson and Tyrone Williams, board president, were listed as the individuals responsible for the serious deficiencies. The notice required Kosmic Kidz to submit a written "Corrective Action Plan" (CAP) before May 2 addressing the serious deficiencies cited in the notice. Kosmic Kidz was informed that failure to submit an approved CAP may result in DHS's proposing to immediately terminate Kosmic Kidz's agreement and to disqualify Kosmic Kidz and its principals from future CACFP participation.

Kosmic Kidz submitted a CAP on May 2, addressing all fifteen findings from the April notice. DHS issued a response to Kosmic Kidz's CAP on November 23. In the response, DHS accepted in part and denied in part Kosmic Kidz's CAP. DHS informed Kosmic Kidz that it had until December 30 to submit a CAP that fully and permanently corrects all the operational deficiencies identified by DHS. Kosmic Kidz submitted its new CAP on December 30.

On February 10, 2017, DHS issued a "Notice of Proposed Termination and Disqualification." In the notice, DHS stated that Kosmic Kidz had not fully and permanently corrected the serious deficiencies found in the "Notice of Serious Deficiency" (April 2016). Therefore, DHS proposed to terminate Kosmic Kidz's agreement to participate in the CACFP, disqualify Kosmic Kidz from future CACFP participation, and to disqualify director Fredrick Jackson and president/chairman Tyrone Williams from future CACFP participation. Kosmic Kidz was given a chance to submit a supplemental CAP on

2

March 1 after a hearing was continued for this purpose. The supplemental CAP was submitted on March 15.

On June 7, DHS issued a "Notice of Proposed Termination and Disqualification (Exclusion) Required Correction Action Not Acceptable" following its review of Kosmic Kidz's March 15 CAP. DHS found that Kosmic Kidz had failed to fully and permanently correct all the deficiencies listed in the "Notice of Serious Deficiency." It also included the appeal procedure necessary for the affected parties.

An administrative hearing took place before the ALJ on August 29. During the hearing, appellants tried to elicit testimony about a June 30, 2017 CAP it had submitted to DHS but had not been acted on. This evidence was disallowed, and the evidence and testimony were limited by the ALJ to things properly appealable—in this case, DHS's notice of proposed termination and disqualification.[1] The ALJ issued a final order on September 11 finding that DHS had followed the proper procedures and regulations in reaching the decision to terminate Kosmic Kidz's agreement in the CACFP and in disqualifying Kosmic Kidz, Jackson, and Williams from further participation in the CACFP by placing their names on the "National Disqualification List."

Appellants filed a petition for judicial review on October 10, and the administrative record was filed with the court on November 14. The court entered an order on October 10, 2018, denying appellants' petition. Specifically, the court found that there was sufficient proof to support the ALJ's findings; that the findings were not in violation of constitutional

---

[1]A serious deficiency determination, a denial of CAP, and the determination of responsible principals are not appealable issues. 7 C.F.R. § 226.6(k)(3)(ii)–(iii).

or statutory provisions; that it was not in excess of the agency's statutory authority; that it was not made upon unlawful procedure; that it was not affected by other error or law; and that it was not arbitrary, capricious, or characterized by an abuse of discretion. Appellants filed a timely notice of appeal on November 8. This appeal follows.

Our review of the decisions of administrative agencies is limited in scope, specifically to determine whether a decision is supported by substantial evidence and is not arbitrary, capricious, or constitutes an abuse of discretion.[2] The limited scope of judicial review is premised on the recognition that administrative agencies are better equipped than courts by specialization, insight through experience, and more flexible procedures to determine and analyze legal issues affecting their agencies.[3] Our appellate review is directed not to the circuit court's decision but rather to the decision of the administrative agency.[4]

An appellate court sitting in review of a finding of an administrative agency must affirm the agency's finding if the finding is supported by any substantial evidence.[5] Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, giving the evidence its strongest probative force in favor of the administrative agency.[6] The challenging party has the burden of proving an absence

---

[2]*Holloway v. State Bd. of Architects*, 352 Ark. 427, 101 S.W.3d 805 (2003).

[3]*Ark. Bd. of Exam'rs in Counseling v. Carlson*, 334 Ark. 614, 976 S.W.2d 934 (1998).

[4]*Ark. Dep't of Human Servs. v. Bixler*, 364 Ark. 292, 219 S.W.3d 125 (2005).

[5]Ark. Code Ann. § 25-15-212(h) (Supp. 2019); *Odyssey Healthcare Operating A. LP v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 459, 469 S.W.3d 381.

[6]*Odyssey Healthcare, supra.*

of substantial evidence.[7]  To establish an absence of substantial evidence, the challenging party must demonstrate that the proof before the administrative agency was so nearly undisputed that fair-minded persons could not reach its conclusion.[8]

The requirement that the agency's decision not be arbitrary or capricious is less demanding than the requirement that it be supported by substantial evidence.[9]  To be invalid as arbitrary or capricious, an agency's decision must lack a rational basis or rely on a finding of fact based on an erroneous view of the law.[10]  Where the agency's decision is supported by substantial evidence, it automatically follows that it cannot be classified as unreasonable or arbitrary.[11]

We may reverse the agency decision if we conclude that the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error or law; (5) not supported by substantial evidence of record; or (6) arbitrary, capricious, or characterized by abuse of discretion.[12]

---

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

Appellants contend that their substantial rights were prejudiced by DHS's decision to terminate them from CACFP participation. More specifically, appellants contend that the ALJ denied them the right to present testimony and cross-examine witnesses on issues that were key to their case. Appellants name Vickie Steward as a person whom the ALJ refused to allow testify. According to appellants, Steward's testimony would go to whether DHS followed its procedures in issuing the notice based on a finding of serious deficiency. However, the colloquy before the court as abstracted and included in this argument does not mention notice. Appellants' attorney asked the ALJ, "[S]o [Steward] cannot testify as to whether or not the agency followed proper corrective action plan and /or procedures?" The ALJ responded that the "proper corrective action plan is not an issue" and that "it's not appealable." The ALJ was correct in limiting the scope of the hearing to only notice as an agency's determination of serious deficiencies and denial of a CAP are not issues subject to administrative review under 7 C.F.R. § 226.6(k)(3)(ii)–(iii). We have no way of knowing if Steward's testimony would have addressed DHS's procedure in issuing the notice because appellants failed to proffer that testimony. The failure to proffer evidence so that the appellate court can determine whether prejudice resulted from its exclusion precludes review of the evidence on appeal.[13] As a result, appellants cannot demonstrate prejudice from the court's exclusion of Steward's testimony.

Appellants contend they were prejudiced during the cross-examination of Thomas Sheppard. During Sheppard's testimony, appellants tried to elicit evidence concerning Sheppard's qualifications as he had just recently been named the assistant director prior to

---

[13]*Parkerson v. Brown*, 2013 Ark. App. 718, 430 S.W.3d 864.

denying appellant's March 15, 2017 CAP. Appellants wanted to question Sheppard's qualifications because his denial of appellants' CAP included items that were previously approved in November. However, as appellee successfully argued, that information was outside the scope of the hearing. Just as above, appellants failed to proffer the evidence, which precludes our review on appeal.

Appellants also argue that the exclusion of the above testimony denied them due process. The Arkansas Supreme Court has held that a party appearing before an administrative agency is entitled to due process in the proceedings.[14] Appellants, however, did not raise this specific argument about the denial of the testimony before either the ALJ or the circuit court. Therefore, it is not properly before us.[15]

Appellants also argue, as they did below, that they were denied due process because DHS failed to follow its own procedures. The ALJ found that DHS identified fifteen serious deficiencies of Kosmic Kidz in its April 7, 2016 notice. It further made independent findings on each of the six steps of the "Serious Deficiency Process" and concluded that DHS completed all the applicable steps in the process.[16] Appellants maintained below that they were not provided notice that Kosmic Kidz was seriously deficient. However, the ALJ

---

[14]*C.C.B. v. Ark. Dep't of Health & Human Servs.*, 368 Ark. 540, 247 S.W.3d 870 (2007).

[15]*See Kohlman v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 164, 544 S.W.3d 595 (holding that because a due-process argument was not raised below, the issue was not preserved for appellate review).

[16]The steps are as follows: (1) identify the serious deficiency, (2) notice of serious deficiency, (3) receive and assess the CAP, (4) issue notice of proposed termination and disqualification, (5) provide an appeal review, and (6) issue a notice of final disqualification.

7

found that DHS notified appellants that Kosmic Kidz was seriously deficient in the April 7, 2016 "Notice of Serious Deficiency." Subsequent correspondences from DHS also put appellants on notice that Kosmic Kidz's deficiencies had not been fully and permanently corrected.[17] Thus, Kosmic Kidz's argument that it was not notified that it was seriously deficient is without merit. Substantial evidence supports DHS's decision, and we affirm.

Affirmed.

KLAPPENBACH and HIXSON, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellants.

*Skye Martin*, Office of Chief Counsel, Arkansas Department of Human Services, for appellees.

---

[17]There were two correspondences: a November 23, 2016, "Response to Corrective Action Plan" wherein the CAP was accepted in part and denied in part; and a February 10, 2017, "Notice of Proposed Termination and Disqualification" wherein it was noted that the serious deficiencies had not been fully and permanently corrected.