2010 Ark. 338

Tommy **REED**, Executive Director of the Arkansas Professional Bail Bond Licensing Board, and Arkansas Professional Bail Bond Licensing Board, Appellants,

v.

**ARVIS HARPER BAIL BONDS, INC.** and Arvis Harper, Jr., Appellees.

No. 09–1269.

Supreme Court of Arkansas.

Sept. 23, 2010.

Rehearing Denied Oct. 28, 2010.

---

Dustin McDaniel, Att'y Gen., by: Amanda Abernethy, Ass't Att'y Gen., for appellant.

Lisa Jones Ables, North Little Rock, for appellee.

PAUL E. DANIELSON, Justice.

Appellants Tommy Reed and the Arkansas Professional Bail Bond Licensing Board (the Board) appeal the order of the Pulaski County Circuit Court reversing the Board's decision to suspend the company license of appellee Arvis Harper Bailbonds, Inc., and the professional bail bondsman license of appellee Arvis Harper, Jr. Appellants' sole point on appeal is that the circuit court erred by reversing the Board's decision based upon its finding that the statute establishing the Board violates· the constitution. We agree and reverse the order of the circuit court.

On November 3, 2007, the Board filed a complaint against appellees Arvis Harper, Jr., and Arvis Harper Bail Bonds, Inc. (hereinafter collectively "Arvis Harper"). The complaint alleged that Arvis Harper executed a bond that was not secured properly and that the unsecured amount exceeded the company's unsecured limits. A hearing was held before the Board on April 11, 2008.

At the hearing, Arvis Harper first challenged the constitutionality of the Arkansas Professional Bail Bond Company and Professional Bail Bondsman Licensing Act, Ark.Code Ann. § 17–19–106 (Repl.2001)[1], which creates the Board. Section 17–19–106 requires that one member of the Board be a municipal or circuit judge. Ark.Code Ann. § 17–19–106(b)(3)(A). Ar-

---

1. This version of the statute was in effect at the time of the challenge. While there is a more recent version, the contested language remains the same.

vis Harper argued that such a requirement was unconstitutional because it violated the doctrine of separation of powers. Additionally, Arvis Harper alleged that the Board used improper procedure because it failed to give them twenty days to correct the problem as provided for in the Board's own rules.

Arvis Harper's constitutional challenge and a motion to cancel the hearing based upon the alleged use of improper procedure by the Board were both denied by the Board. The hearing proceeded and, upon its conclusion, the Board suspended the license of both Arvis Harper Bail Bonds, Inc., and Arvis Harper, Jr., individually, for thirty days because the company exceeded the maximum amount of unsecured commitment allowed. Additionally, the Board adopted the findings of facts and conclusions of law that it believed supported the suspensions.

On April 16, 2008, Arvis Harper filed a complaint for judicial review in the circuit court. After reviewing the material and hearing the argument of counsel, the circuit court reversed the decision of the Board. The circuit court concluded that the Board's findings were consistent and compliant with its rules and regulations and were not based upon unlawful procedure. Additionally, the circuit court found that there was substantial evidence to support the Board's decision and that its decision was not arbitrary and capricious. However, the circuit court did find that the statute establishing the Board, section 17–19–106, violated the separation-of-powers doctrine of the Arkansas Constitution. The Board filed a timely notice of appeal on September 1, 2009.

The Board presents only one issue on appeal; it argues that the circuit court erred by reversing the Board's decision based upon its finding that the statute establishing the Board violates the constitution. The Board contends that the reversal of its decision was not an appropriate remedy under the Arkansas Administrative Procedure Act (APA). Alternatively, the Board argues that even were the contested legislation unconstitutional, the judicial member of the Board was a de facto official, any error would be harmless, and substantial evidence supported the Board's decision.

In an appeal of a decision of an administrative agency under the APA, specifically Ark.Code Ann. § 25–15–212 (Repl. 2002 & Supp.2009), our review is directed, not toward the circuit court, but toward the decision of the agency, because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. See Ford Motor Co. v. Arkansas Motor Vehicle Comm'n, 357 Ark. 125, 161 S.W.3d 788 (2004). Our review of administrative decisions is limited in scope. See id. When reviewing such decisions, we uphold them if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. See id.

However, an administrative agency lacks the authority to rule on a constitutional argument. See Arkansas Tobacco Control Bd. v. Sitton, 357 Ark. 357, 166 S.W.3d 550 (2004); see also AT & T Commc'ns of the Sw., Inc. v. Arkansas Pub. Serv. Comm'n, 344 Ark. 188, 40 S.W.3d 273 (2001). Therefore, in an appeal originating from an agency decision yet involving a constitutional challenge, the constitutional challenge must be raised before the agency in order to preserve it for the circuit court's consideration, and this court must review the decision of the cir-

cuit court. *See, e.g., Sitton*, 357 Ark. 357, 166 S.W.3d 550.[2]

■ In determining whether an agency decision is supported by substantial evidence, we review the record to ascertain if the decision is supported by relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *See Ford Motor Co., supra.* In doing so, we give the evidence its strongest probative force in favor of the administrative agency. *See id.* The question is not whether the testimony would have supported a contrary finding, but whether it supports the finding that was made. *See id.* As true for any other factfinder, it is the prerogative of the agency to believe or disbelieve any witness and to decide what weight to accord the evidence. *See id.*

■ Before challenging that the substantial evidence supported the action taken by the Board, Arvis Harper argued that the legislation creating the Board was unconstitutional. However, that claim is not properly presented in this appeal and does not warrant reversal of the Board's decision under the APA.

Under the APA, Arvis Harper's challenge is limited strictly to the final action of the agency. *See* Ark.Code Ann. § 25–15–212(a). *See also Walker v. Arkansas State Bd. of Educ.*, 2010 Ark. 277, 365 S.W.3d 899. Here, the final agency action was the Board's suspension of Arvis Harper's licenses.[3] Moreover, our review is strictly limited to determining whether the *substantial rights of appellees have been prejudiced because the Board's decision was:*

(1) In violation of constitutional or statutory provisions;

(2) In excess of the agency's statutory authority;

(3) Made upon unlawful procedure;

(4) Affected by other error or law;

(5) Not supported by substantial evidence of record; or

(6) Arbitrary, capricious, or characterized by abuse of discretion.

Ark.Code Ann. § 25–15–212(h) (emphasis added).

While *State Board of Workforce Education & Career Opportunities v. King*, 336 Ark. 409, 985 S.W.2d 731 (1999), is cited to support Arvis Harper's position, that case was not an appeal governed by the APA.[4] *King* was a declaratory-judg-

2. While the dissent cites *Arkansas Tobacco Control Bd. v. Sitton, supra*, for the proposition that both an administrative agency's decision on administrative matters and the circuit court's decision on any constitutional issues may be reviewed by this court in the same appeal, the instant case is distinguishable. In *Sitton*, the constitutional challenge was to the Unfair Cigarette Sales Act, which the Arkansas Tobacco Control Board was found to have applied unconstitutionally to reach its decision. *See id.* The constitutional challenge was not to the Board itself, as it was here. *See id.*

3. While the dissent contends that the decision reached by the Board is not at issue and wholly irrelevant to this appeal, Arvis Harper filed his complaint for judicial review from that very decision pursuant to the APA. The

decision of the Board was then directly effected by the circuit court's order, which reversed that decision.

4. Both the concurring and dissenting opinions cite this court's decision in *King* as providing a solution in the instant appeal. However, both opinions simply ignore the fact that *King* was a declaratory-judgment action in which the appellee had sought injunctive relief from the circuit court, specifically seeking that an individual be prohibited from serving on a board and certain commissions. 336 Ark. 409, 985 S.W.2d 731. Here, no such relief was ever requested. The instant appeal requires this court to determine if the circuit court correctly or incorrectly reversed a decision of the Board, a determination governed by the APA.

ment action in which King was seeking injunctive relief. *See id.* The circuit court there was being asked to remove a board member because of constitutional violations rather than being asked to overturn a decision of the board. *See id.* The instant case presents a direct challenge to the final action taken by the Board. Therefore, judicial review is limited by the APA.

■ In any event, regardless of the fact that the instant appeal is governed by the APA, it is well settled that a collateral attack on the authority of a de facto official cannot be maintained under the law. *See Bell v. State*, 334 Ark. 285, 973 S.W.2d 806 (1998). We have previously discussed what constitutes a collateral attack:

> [There] can be gleaned several guidelines for determining whether a particular attack upon the title of a public official is "collateral." By the very definition of the word if the attack is secondary, subsidiary, subordinate, *i.e.,* related to the main matter under consideration but not strictly a part thereof, the attack is indirect and collateral. If the official's title is questioned in a proceeding to which he is not a party or which was not instituted specifically to determine the validity of his title the attack is collateral. If the title of the officer is questioned in a proceeding in which he is a party merely because he is acting in his official capacity the attack is collateral. Lastly if the attack is made because it is necessary to show the officer's want of title to lay a basis for some other relief the attack is collateral . . .

*Id.* at 299, 973 S.W.2d at 814 (citing *State v. Roberts*, 255 Ark. 183, 499 S.W.2d 600 (1973) (quoting *Smith v. Landsden*, 212 Tenn. 543, 370 S.W.2d 557 (1963))).

The constitutional challenge made by Arvis Harper was not appropriately brought by a direct action. In the instant case, it was presented as an argument in an appeal to a decision by the Board, an appeal specifically governed by the APA. The circuit court specifically found that the actions of the Board were consistent with, and in compliance with, its rules and regulations, were not based upon unlawful procedure, were supported by substantial evidence, and were not arbitrary or capricious.

■ In its brief, Arvis Harper challenges the Board's decision based on other grounds that the circuit court did not find such as unlawful procedure, violation of substantive due process, violation of equal protection, and lack of substantial evidence. Additionally, Arvis Harper presents arguments for appropriate punishment and attorney's fees. However, Arvis Harper failed to file a cross-appeal in this case. Our case law is well settled that a notice of cross-appeal is required when the appellee seeks affirmative relief that was not granted in the lower court. *See Office of Child Support Enforcement v. Pyron*, 363 Ark. 521, 215 S.W.3d 637 (2005); *Hoffman v. Gregory*, 361 Ark. 73, 204 S.W.3d 541 (2005).

For the foregoing reasons, we must reverse the order of the circuit court and affirm the decision of the Board.

Reversed.

BROWN, J., concurs.

HANNAH, C.J., dissents.

BROWN, J., concurring.

I agree with the majority that the Administrative Procedure Act (APA) governs this appeal from the Arkansas Professional Bail Bond Company and Professional Bail Bondsman Licensing Board (the Board). However, I do not agree that section 25–15–212(h) of the APA fails to provide ap-

propriate grounds to challenge the Board's action under the Arkansas Constitution.

Ark.Code Ann. § 25–15–212(h) provides as follows:

(h) ... [the] court may reverse or modify the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the agency's statutory authority;

(3) Made upon unlawful procedure;

(4) Affected by other error or law;

(5) Not supported by substantial evidence of record; or

(6) Arbitrary, capricious, or characterized by abuse of discretion.

Appellees challenge the constitutionality of the placement of a judge on the Board. The statute at issue in this case is Ark. Code Ann. § 17–19–106, which sets out the guidelines for Board membership and the authority of the Board. It further requires that one member of that Board be a municipal or circuit judge. Appellees argue that this is a violation of the separation-of-powers doctrine set out in article 4, sections 1 and 2 of the Arkansas Constitution,[1] and that the Board's action to suspend the licenses of appellees is tainted by this constitutional violation. I agree.

Section 25–15–212(h)(4) authorizes a court to reverse or modify the decision of an agency if the petitioner has been prejudiced because the administrative decision *is affected by other error or law.* The

constitutional violation alleged by the appellees, which entails suspect Board membership, can most certainly be considered an error or law that would have a prejudicial effect on the Board's decision. I believe, accordingly, that the appellees' constitutional challenge to the Board's action is appropriate for consideration in this appeal.

This court has recognized that while it can be difficult in some instances to determine whether a particular board or commission is a part of the legislative or executive branch, there can be no doubt that they are *not* a part of the judicial branch. *Spradlin v. Arkansas Ethics Comm'n,* 314 Ark. 108, 113–14, 858 S.W.2d 684, 686 (1993). Further, when faced with a separation-of-powers issue, which also concerned the Professional Bail Bond Company and Professional Bail Bondsman Licensing Board, this court said "state licensing boards, such as the one here, are created by the General Assembly and exercise legislative functions." *Tomerlin v. Nickolich,* 342 Ark. 325, 27 S.W.3d 746 (2000). It seems clear that a statute requiring a judge to serve on a board that has been specifically designated by this court as one that exercises legislative functions is in violation of the separation-of-powers doctrine set out in article 4, sections 1 and 2.

It is further clear to me that Arvis Harper Bail Bonds' attack regarding Judge Wayland Parker's service on the Board was not a direct attack or a collateral attack on his particular status. Rather, it was a challenge to the Board's action occasioned by the participation of a patently

---

1. Article 4, section 1 states that "[t]he powers of the government of the State of Arkansas shall be divided into three distinct departments ... [t]hose which are legislative, to one, those which are executive, to another, and those which are judicial, to another."

Section 2 states that "no person or collection of persons, being of one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted."

ineligible board member. In such circumstances, the solution is to remove the ineligible member from the Board but not invalidate the Board's action. That was what this court did in *State Board of Workforce Education and Career Opportunities v. King*, 336 Ark. 409, 985 S.W.2d 731 (1999). The same principle should govern this case. We should rule Judge Parker ineligible to serve but uphold the action of the Board in deciding the Arvis Harper matter.

The majority holds that a challenge to the Board's decision is not available under the APA and can only be brought by declaratory judgment as a direct attack on Judge Parker's authority. But it is the Board's action that is called into question and not whether Judge Parker is a valid judge. In *Bell v. State*, 334 Ark. 285, 973 S.W.2d 806 (1998), which the majority relies on, the issue was whether a deputy prosecutor had been appointed and was authorized to act in the proceeding. That is not the issue in the instant case, which concerns whether the Board is duly constituted.

The majority cites no case law to the effect that the issue raised in this case can only be done by a petition for declaratory judgment and not at an APA hearing. What was the bond company to do at the administrative hearing? Remain mute and not even contest the unconstitutional Board membership? That seems unreasonable.

In short, I would not deny the ability of the appellees to challenge Board action due to Judge Parker's status at the administrative level and then in circuit court on judicial review, as the majority has done. The constitutional issue, in my judgment, was appropriately developed at the administrative level and then decided by the circuit court. *See Arkansas Tobacco Con-*

*trol Bd. v. Sitton*, 357 Ark. 357, 361–62, 166 S.W.3d 550, 553 (2004).

Because I would find that the Board's enacting statute violates the separation-of-powers doctrine in that it requires a judge to sit on the Board and because this is an error that tainted the Board's decision even though Judge Parker did not participate in the final vote, I would find that section 25–15–212(h)(4) provides sufficient grounds for this court to consider appellees' constitutional challenge. Based on our decision in *King*, the appropriate solution under these circumstances is to remove the ineligible member from the Board but allow the decision of the Board to stand. I would, therefore, affirm the Board but do so under the authority of the *King* case.

For these reasons, I concur.

HANNAH, C.J., dissenting.

I respectfully dissent. The single issue presented on appeal is whether the circuit court erred in finding that the statute establishing the Professional Bail Bondsman Licensing Board violates the separation of powers doctrine set out in article 4, sections 1 and 2, of the Arkansas Constitution. Therefore, this case presents an appeal from the circuit court's decision on constitutionality. The decision reached by the Board under the Arkansas Administrative Procedure Act (APA) is not at issue and is wholly irrelevant to this appeal. The substantial-evidence standard used to review decisions of boards and commissions under the APA is inapplicable. Where issues decided by an administrative agency are appealed, which is not the case in the present matter, this court reviews the decision of the administrative agency rather than the circuit court. *See, e.g., Arkansas Tobacco Control Bd. v. Sitton*, 357 Ark. 357, 166 S.W.3d 550 (2004). Where an issue of constitutionality has

been raised before the administrative agency, and, as we require, has been subsequently decided by the circuit court, this court reviews the decision of the circuit court. *See id.* Both the administrative agency's decision on administrative matters and the circuit court's decision on any constitutional issues may be reviewed by this court on the same appeal. *Id.* There is no need for a separate action to bring a constitutional challenge.

Aside from noting that the issue of constitutionality was raised before the Board, the majority errs in referring to the APA. The Board is without authority to decide the constitutionality of a statute. *AT & T Commc'ns of the Sw., Inc. v. Arkansas Pub. Serv. Comm'n,* 344 Ark. 188, 196, 40 S.W.3d 273, 279 (2001). However, as already noted, the issue must be raised and developed at the administrative level. *Id.* This was done, and, because the circuit court considered and ruled on the issue of the constitutionality of the statute, it is the circuit court's decision on this issue that is properly before this court.

The circuit court found a constitutional violation in the statute's requirement that one member of the Board be a municipal or circuit judge. Arkansas Code Annotated section 17–19–106(b)(3)(A) (Repl.2001) provides that a municipal or circuit judge, a member of the judicial branch of government, is to sit on the Board, which was created by the legislative branch of government. Members of the Board are appointed by the Governor, and the Board both creates its own rules and executes them, duties that are both those of the legislative and the executive branches of government.

In considering the decision of the circuit court, every statute is presumed constitutional. *Cato v. Craighead County Circuit Court,* 2009 Ark. 334, at 7–8, 322 S.W.3d 484, 489. Before a statute may be found unconstitutional, the incompatibility between the statute and the constitution must be clear. *Id.* Any doubt is resolved in favor of constitutionality. *Id.* In reviewing the decision, we look to the rules of statutory construction. *Id.*

Contrary to the majority's conclusion, *State Board of Workforce Education & Career Opportunities v. King,* 336 Ark. 409, 985 S.W.2d 731 (1999), is applicable and dispositive. In *King,* the senator at issue was a member of the legislative branch and was being asked to carry out duties of the executive branch by way of being on an administrative board. In the present matter, a member of the judiciary is being asked to carry out duties of the legislative and executive branches. As the court in *King* declared, approval of such would "make a travesty of the separation of powers." *King,* 336 Ark. at 420, 985 S.W.2d at 736. The circuit court correctly concluded that the statute violates the separation-of-powers doctrine. I would affirm the circuit court.