Cite as 2020 Ark. App. 180
DIVISION III
**No.** CV-19-454

|  |  |
|---|---|
| OZARK MOUNTAIN REGIONAL PUBLIC WATER AUTHORITY OF THE STATE OF ARKANSAS<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS ATTORNEY GENERAL; ARKANSAS DEPARTMENT OF HEALTH; NATHANIEL SMITH, MD, MPH, IN HIS OFFICIAL CAPACITY AS DIRECTOR/SECRETARY OF THE ARKANSAS DEPARTMENT OF HEALTH; JIM LAMBERT, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE ARKANSAS STATE BOARD OF HEALTH; AND TERRY YAMAUCHI, MD; GLEN "EDDIE" BRYANT, MD; CLARK FINCHER, MD; ANTHONY N. HUI, MD; JAMES ZINI, DO; CATHERINE TAPP, MPH; BEVERLY FOSTER, DC; GEORGE HARPER, JD; ROBBIE THOMAS KNIGHT, MD; ALAN FORTENBERRY, PE; PERRY AMERINE; GARY BASS, PHARM D; ANIKA WHITFIELD, DPM; PEGGY WALKER, RN, MSN; SUSAN JONES, MD; THOMAS JONES, RS; LEE JOHNSON, MD; SUSAN WEINSTEIN, DVM; MIRANDA CHILDS-BEBEE; AND LAWRENCE BRADEN, MD, IN THEIR OFFICIAL CAPACITIES AS DULY APPOINTED AND ACTING MEMBERS OF THE ARKANSAS STATE BOARD OF HEALTH<br><br>APPELLEES | **Opinion Delivered:** March 18, 2020<br><br>APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CV-16-229]<br><br>HONORABLE ANDREW BAILEY, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Ozark Mountain Regional Public Water Authority of the State of Arkansas (Ozark) appeals the Boone County Circuit Court order affirming the Arkansas State Board of Health's (the Board's) decision finding that Arkansas Code Annotated section 20-7-136 (Repl. 2018) (Act 197) applied to Ozark and that Act 197 was not unconstitutionally vague. We affirm.

On February 22, 2016, the Arkansas Department of Health (the Department) issued an order and notice of hearing informing Ozark that the Department sought a penalty against it for its failure to implement a fluoridation program pursuant to Act 197.[1] Ozark filed an objection to the order and notice of hearing. Ozark argued that Act 197 does not apply to it because it does not qualify under Act 197's definition of "water system." Ozark alternatively argued that Act 197 is vague with respect to terminology and thus unconstitutional as applied. The Board held a hearing on March 26.

At the hearing, Jeff Stone, the director of the engineering section of the Drinking Water Program at the Department, testified that over 21,000 people rely on Ozark for their water. He explained that Ozark sells treated water to eighteen separate entities and that those entities then sell the water to over 21,000 customers. He further testified that in the water industry, the term "parent system" or "primary system" refers to a seller and the term "consecutive system" refers to a purchaser.

---

[1]Act 197 mandates that "[t]he company, corporation, municipality, county, government agency, or other entity that owns or controls a water system shall control the quantity of fluoride in the water so as to maintain a fluoride content established by the Department of Health." Act 197 of 2011 (codified at Ark. Code Ann. § 20-7-136(b)).

Andy Anderson, Ozark's chairman, testified that Ozark buys its water through the United States Army Corps of Engineers from Bull Shoals Lake and that the water is not treated before Ozark receives it. He stated that Ozark sells its water to eighteen different individual water systems and that none of the individual systems serve a population of more than 5,000 people.

Following the hearing, on July 26, the Board issued an order finding that Act 197 applies to Ozark, and it rejected Ozark's constitutional objection. The Board recommended that Ozark work with engineers to submit final plans and specifications of fluoridation equipment within forty-five days. The Board further ordered Ozark to install fluoridation equipment within ninety days of plan approval, and it stated that if Ozark failed to meet the deadline, it would be assessed a fine of $500 a week.

On September 7, Ozark filed a petition for judicial review of the Board's decision in the Boone County Circuit Court. In the petition, Ozark argued that the Board erred by finding that Act 197 applies to Ozark because Ozark is not a water system as defined in the Act. Ozark alternatively argued that Act 197 is unconstitutionally vague because it does not define parent system, consecutive system, and persons.

On February 10, 2017, the Arkansas Attorney General moved to intervene on behalf of the State in order to defend the constitutionality of Act 197. On February 13, the court granted the State's motion.

On March 7, 2019, the circuit court entered an order affirming the Board's decision. Specifically, the court found that there was substantial evidence to support the

Board's finding that Ozark is subject to Act 197. The court did not rule on Ozark's constitutional argument. Ozark appealed the circuit court's order to this court.

It is well settled that this court's review is limited in scope and is directed not to the decision of the circuit court but to the decision of the administrative agency. *Cave City Nursing Home, Inc. v. Ark. Dep't of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002). As with all appeals from administrative decisions under the Arkansas Administrative Procedure Act (AAPA), the appellate court may reverse the agency decision if it concludes:

> [T]he substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the agency's statutory authority;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error or law;
>
> (5) Not supported by substantial evidence of record; or
>
> (6) Arbitrary, capricious, or characterized by abuse of discretion.

Ark. Code Ann. § 25-15-212(h) (Supp. 2019); *see also Ark. Dep't of Human Servs. v. Thompson*, 331 Ark. 181, 959 S.W.2d 46 (1998); *Wright v. Ark. State Plant Bd.*, 311 Ark. 125, 842 S.W.2d 42 (1992). In *Wright*, our supreme court explained:

> We have recognized that administrative agencies are better equipped than courts, by specialization, insight through experience, and more flexible procedures to determine and analyze underlying legal issues affecting their agencies, and this recognition accounts for the limited scope of judicial review of administrative action and the refusal of the court to substitute its judgment and discretion for that of the administrative agency.

4

311 Ark. at 130, 842 S.W.2d at 45.

On appeal, Ozark first argues that the Board erred in finding that Act 197 applies to Ozark and that Ozark is thus subject to the mandatory fluoridation requirement. Ozark asserts that Act 197 does not apply to it because it does not qualify as a water system as defined in Act 197. Act 197 defines water system as "a facility including without limitation a parent system, consecutive system, or other system that holds, treats, and supplies water directly or through a consecutive system or consecutive systems to five thousand (5,000) persons or more." Ark. Code Ann. § 20-7-136(a). Ozark claims that the evidence shows that it is a wholesale system and therefore it is not a parent system, consecutive system, or other system. Ozark asserts that if the legislature intended to subject wholesale systems to Act 197, it would have specifically included the term "wholesale system" in Act 197's definition of water system.

When reviewing issues of statutory interpretation, we are mindful that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Yamaha Motor Corp. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997). A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as

to its meaning. *ACW, Inc. v. Weiss*, 329 Ark. 302, 947 S.W.2d 770 (1997). When a statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999). This court is very hesitant to interpret a legislative act in a manner contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent. *Id.*

Our supreme court has held that it is also a rule of statutory construction that the manner in which a law has been interpreted by executive and administrative officers is to be given consideration and will not be disregarded unless it is clearly wrong. *Yamaha Motor Corp.*, 344 Ark. 44, 38 S.W.3d 356; *Omega Tube & Conduit Corp. v. Maples*, 312 Ark. 489, 850 S.W.2d 317 (1993). An administrative interpretation is to be regarded as highly persuasive. *Id.* However, where the statute is not ambiguous, this court will not interpret it to mean anything other than what it says. *Ford*, 338 Ark. 487, 996 S.W.2d 20.

In this case, we hold that the Board did not err in finding that Act 197 applies to Ozark because Ozark meets the definition of water system. Ozark's argument on appeal ignores the plain and unambiguous language of the statute. Act 197 defines water system as "a facility *including without limitation* a parent system, consecutive system, or other system." (Emphasis added.) Thus, the statute includes all facilities—regardless of whether they are parent, consecutive, or wholesale systems—that hold, treat, and supply water directly or through a consecutive system or consecutive systems to 5,000 persons or more. Accordingly, we find no error in the Board's finding that Act 197 applies to Ozark.

Ozark alternatively argues that the Board erred by not finding that Act 197 is unconstitutionally vague because it does not define parent system[2] and thus fails to provide constitutionally sufficient notice of a penalty from the Board for failure to comply with the fluoridation requirement of Act 197.

Although we ordinarily review the agency's decision rather than the circuit court's decision in AAPA appeals, *H.T. Hackney, Co. v. Davis*, 353 Ark. 797, 120 S.W.3d 79 (2003), when presented with an allegation that a statute or regulation is unconstitutional, this court must review the decision of the circuit court because an administrative agency lacks the authority to rule on a constitutional argument. *Landmark Novelties, Inc. v. Ark. State Bd. of Pharmacy*, 2010 Ark. 40, 358 S.W.3d 890. The party challenging a statute's constitutionality has the burden of proving that the act is unconstitutional. *Id.*

In this case, Ozark raised its constitutional argument to the Board and the circuit court. However, the circuit court did not rule on the constitutional argument, and as our supreme court has stated, when presented with an allegation that a statute is unconstitutional, we must review the circuit court's decision. *Landmark Novelties*, 2010 Ark. 40, 358 S.W.3d 890; *see also Ark. Tobacco Control Bd. v. Sitton*, 357 Ark. 357, 166 S.W.3d

---

[2]On appeal, Ozark also argues that Act 197 is unconstitutionally vague because it does not define "other system." However, Ozark did not raise that argument to the Board or the circuit court. In an appeal originating from an agency decision involving a constitutional challenge, the constitutional challenge must be raised before the agency in order to preserve it for the circuit court's consideration. *Reed v. Arvis Harper Bail Bonds, Inc.*, 2010 Ark. 338, 368 S.W.3d 69.

550 (2004) (stating that the agency rightly declined to decide whether a statute was unconstitutional as applied because an administrative agency lacks the authority to decide the issue of the unconstitutionality of a statute). The failure to obtain a ruling on an issue precludes our review on appeal. *Burton v. Ark. Dep't of Human Services*, 2015 Ark. App. 701, 478 S.W.3d 221 (holding that appellant's arguments in an AAPA appeal were not preserved for review because the agency and the circuit court did not specifically rule on the issues); *Gwin v. Daniels*, 357 Ark. 623, 184 S.W.3d 28 (2004) (explaining that the failure to obtain a ruling precludes review of an issue because, under appellate jurisdiction, this court is limited to reviewing a ruling or an order of a lower court). Because Ozark did not obtain a specific ruling on its constitutional challenge to Act 197 from the circuit court, we are precluded from addressing the merits of the challenge on appeal.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *Bruce B. Tidwell* and *Joshua C. Ashley*, for appellant.

*Reginald A. Rogers*, Deputy General Counsel, for appellee Arkansas Department of Health.

*Leslie Rutledge*, Att'y Gen., by: *Vincent P. France*, Ass't Att'y Gen., for appellee State of Arkansas.