


# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–14–774

| | |
|---|---|
| ARKANSAS DEPARTMENT OF HUMAN SERVICES, DIVISION OF CHILDREN AND FAMILY SERVICES<br><br>APPELLANT<br><br>V.<br><br>MELVY NELSON<br><br>APPELLEE | **Opinion Delivered** February 18, 2015<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DIVISION [NO. CV–13–829]<br><br>HONORABLE J. MICHAEL FITZHUGH, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Arkansas Department of Human Services (DHS), Division of Children & Family Services (DCFS) appeals from the circuit court's reversal of the decision of the DHS Office of Appeals and Hearings, which found that a preponderance of the evidence supported the true determination made by DCFS that appellee Melvy Nelson physically abused her son, V.M., specifically by striking the child on the face, which resulted in a physical injury that was without justifiable cause. Appellant argues on appeal that substantial evidence supports the finding that Melvy Nelson abused V.M. We affirm the circuit court's decision.

On October 22, 2012, a report was made to the child-abuse hotline regarding alleged child maltreatment of V.M. (DOB: 9-25-03). The report of physical abuse of V.M. by Nelson alleged that Nelson struck V.M. in the face with a belt while punishing him. Based on the investigation by Victoria Clark, a DCFS employee, a finding of child maltreatment was

entered against Nelson. On March 23, 2013, Nelson filed a timely request for an administrative hearing with the DHS Office of Appeals and Hearings.

At the telephone hearing, the contested issue was whether Nelson intentionally or knowingly struck V.M. on the face, which resulted in a physical injury that was without justifiable cause. Present at the hearing were Nelson and her attorney, Joshua Bugeja; Olga Lombardi, an interpreter; Shannon Bates, a teacher at Central Elementary School; Steve Horriat, a family friend of Ms. Nelson's; V.M., the alleged victim; Victoria Clark, DCFS; Sandra Hough, DHS attorney; and Sheila J. McDaniel, Administrative Law Judge (ALJ). Both Nelson and her son, V.M., required a translator to interpret the proceedings and translate their respective testimony.

Although there were discrepancies in Nelson's testimony as to how she punished her child, there was no indication that she ever intended to strike V.M. in the face. Her initial testimony was that she never hit V.M. in the face. She then testified that she was spanking V.M. with a belt but because he was moving around so much, she never hit him with the belt. Nelson later said that she was trying to hit him on the buttocks and may have hit him on the face, but that was not her intention. She also testified that her former mother-in-law put make-up on his face, took pictures of him, and then took him to the police station for him to say that Nelson had hit him. Nelson also said, as far as she remembered, the mark was not as red as the pictures show. She clearly stated that it was never her intention to hit him on the face and if she did, it was an accident.

V.M. testified that his mother did, in fact, hit him on the face, but that it was an

accident. Nelson and V.M. both acknowledged that Nelson was hitting V.M. with a belt as punishment after V.M. scratched his brother with a coat hanger. V.M. testified that he moved to try to get out of the way of the belt. He is currently living with his mother, and he testified that he is happy. When questioned by the ALJ if his mother is a "pretty good mom," he responded, "Yes."

The ALJ found that Nelson's actions rose to the level of child maltreatment and ordered that Nelson's name be placed on the Arkansas Child Maltreatment Central Registry. Nelson then petitioned for judicial review by the circuit court, which reversed the ALJ's decision. The circuit court noted that the ALJ's "Findings of Fact" were both confusing and contradictory, and found that there was no substantial evidence in the record to support a finding that the act done by Nelson was either intentional or knowing. Appellant filed a timely notice of appeal to this court.

On appeal, our review is directed not to the decision of the circuit court, but rather to the decision of the administrative agency. *Dep't of Health & Human Servs. v. R.C.*, 368 Ark. 660, 249 S.W.3d 797 (2007). Review of administrative agency decisions, by both the circuit court and appellate courts, is limited in scope. *Arkansas Dep't of Human Servs. v. Thompson*, 331 Ark. 181, 959 S.W.2d 46 (1998). The standard of review to be used by both the circuit court and the appellate court is whether there is substantial evidence to support the agency's findings. *Id.*

An appellate court sitting in review of a finding of an administrative agency must affirm the agency's finding if the finding is supported by any substantial evidence. Ark. Code Ann.

SLIP OPINION

§ 25-15-212(h); *C.C.B. v. Ark Dep't of Health & Human Servs.*, 368 Ark. 540, 543–44, 247 S.W.3d 870, 872 (2007). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, giving the evidence "its strongest probative force in favor of the administrative agency." *Reed v. Arvis Harper Bail Bonds, Inc.*, 2010 Ark. 338, at 4–5, 368 S.W.3d 69, 73.

As with all appeals from administrative decisions under the Administrative Procedure Act, the circuit court or the appellate court may reverse the agency decision if it concludes that the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error or law; (5) not supported by substantial evidence of record; or (6) arbitrary, capricious, or characterized by abuse of discretion. Ark. Code Ann. § 25-15-212(h).

Appellant argues that this court should reverse the circuit court's decision and affirm the ALJ's decision because it is supported by substantial evidence. Substantial evidence is defined as "valid, legal, and persuasive evidence that a reasonable mind might accept as adequate to support a conclusion, and force the mind to pass beyond conjecture." *Tomerlin v. Nickolich*, 342 Ark. 325, 333, 27 S.W.3d 746, 751 (2000) (quoting *Arkansas State Police Comm'n v. Smith*, 338 Ark. 354, 362, 994 S.W.2d 456, 461 (1999)). The party challenging the agency's decision has the burden of proving an absence of substantial evidence. *Id*. In order to establish the absence of substantial evidence, the challenging party must demonstrate

that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach its conclusion. *Id*. This court reviews the entire record to find whether the testimony supports the finding that was made by the ALJ. *Ark. Dep't of Human Servs. v. Haen*, 81 Ark. App. 171, 173–74, 100 S.W.3d 740, 741–42 (2003).

In her opinion, the ALJ concluded, "Based on V.M.'s testimony, I find it is more likely than not that Ms. Nelson was carelessly swinging the belt at VM and she knowingly struck him in the face causing a physical injury." This reasoning is, in and of itself, internally inconsistent. The ALJ's language gives this court great pause because a person cannot act both "carelessly" and "knowingly." These two adverbs, used in the same sentence in the ALJ's final order, are diametrically opposed and thus invalidate the reasoning behind her conclusion that Nelson abused her child.

The Arkansas Child Maltreatment Act, Arkansas Code Annotated §§ 12-18-101 et. seq. defines child maltreatment, in part, as abuse. Abuse can result from a parent who intentionally or knowingly strikes a child on the face or head causing a physical injury and is without justifiable cause. Ark Code Ann. § 12-18-103(3)(A)(vi)(d). Abuse does not include physical discipline of a child when it is reasonable and moderate and is inflicted by a parent or guardian for purposes of restraining or correcting the child. Ark. Code Ann. § 12-18-103(3)(C)(i).

Having reviewed the entire record, we agree with the circuit court that the facts in this case do not rise to the level of substantial evidence to support the ALJ's decision that Nelson knowingly or intentionally abused her child, V.M. There is nothing in the record to indicate

that Nelson intentionally or knowingly struck her son, V.M., in the face. Simply put, the ALJ's opinion is flawed; it did not make the requisite findings to support the violation she found. Therefore, substantial evidence does not support the agency decision.

The evidence presented in this case showed that Nelson used a belt while punishing V.M. after he had scratched his brother in the eye. As V.M. was trying to avoid being spanked, he wiggled and squirmed, and Nelson accidentally hit him in the face while he was moving. This does not rise to the level of "knowingly" or "intentionally" as required by statute. Thus, we cannot find substantial evidence to support the ALJ's decision to place Nelson's name on the Child Maltreatment Registry. We therefore affirm the circuit court's decision.

Affirmed.

HIXSON and HOOFMAN, JJ., agree.

*Jerald A. Sharum*, Office of Policy & Legal Services, for appellants.

*Huffman Butler, PLLC*, by: *Bryan R. Huffman*, for appellee.