

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–15–631

|  |  |
|---|---|
| PALESTINE-WHEATLEY SCHOOL DISTRICT | **OPINION DELIVERED** FEBRUARY 24, 2016 |
| APPELLANT | |
| V. | APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT, [NO. 62-CV-12-253-2] |
| GEORGE HOPKINS, EXECUTIVE DIRECTOR; ARKANSAS TEACHER RETIREMENT SYSTEM; and BOBBIE FINGERS | HONORABLE RICHARD L. PROCTOR, JUDGE |
| APPELLEES | AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

The Palestine-Wheatley School District (District) appeals the January 20, 2015 order of the St. Francis County Circuit Court affirming the decision of the Arkansas Board of Trustees (Board) of the Arkansas Teacher Retirement System (ATRS). The District argues that ATRS acted without substantial evidence, abused its discretion, and acted in an arbitrary and capricious manner in (1) finding that the District was responsible for paying the employer contribution to ATRS on settlement proceeds received by appellee Bobbie Fingers and (2) failing to follow the calculation of damages designated in the settlement as back pay. We affirm.

I. *Procedural History and Statement of Facts*

Fingers was a member of ATRS, having been employed by the District as a teacher and a principal. She filed suit against the District in the United States District Court, Eastern

District of Arkansas, alleging employment discrimination after she had been passed over for superintendent on three separate occasions. The federal magistrate judge mediated a settlement between the parties, and the following colloquy occurred:

THE COURT:    The settlement is that [the District] will pay to [Fingers] the sum of $275,000, and that is all inclusive of all her claims, known and unknown, whether they're ripe or not ripe, every claim that she could have had up until this date, and it includes attorneys' fees and costs and everything associated with this lawsuit as well.

. . . .

The two attorneys—or Mr. Walker and Mr. Brazil will do the allocation of how the $275,000 is allocated. Some of it will of course be allocated to back pay, and [the District] will pay employment taxes on that; otherwise the tax liability will be on [Fingers] and her attorney for however they pay their 1099 taxes or whatever.

So in other words, the total liability for the school—or total exposure for [the District] is limited to $275,000 plus the payroll taxes on the portion that is designated W-2.

Mr. Walker, have I accurately stated the terms?

MR. WALKER:    I think you have, Your Honor, with the understanding that Mr. Brazil and I, recognizing that an amount—a portion of this amount is for back pay, will seek to have her made whole, to the extent that that is possible, and the attorneys would be responsible for trying to effect that with the Teacher Retirement board. But any payments that are related to that circumstance will come out of the $275,000.

Fingers signed a release (Release) that recounted the terms of the settlement as set forth above. The Release specifically provided as follows:

I further acknowledge and agree that of the net amount paid to me $70,000.00 for 1099 and the balance will be due after retirement and fees would be 10-40 taxable income for which the district is hereby authorized to make appropriate deductions to be forwarded to the Internal Revenue Service on my behalf.

Following the settlement conference and execution of the Release, ATRS notified

the District by letter dated August 8, 2011, that it owed employer contributions based on

the settlement in the amount of $26,610.18, plus interest, based on all payments made to

Fingers, except attorney's fees. The District filed an appeal with ATRS, which resulted in

a ruling by the executive director issued on November 23, 2011, that the District was liable

for the contributions. The executive director of ATRS found in pertinent part as follows:

> First, no party disputes that a 14% contribution is owed on the settlement amount that was ultimately paid for the benefit of Bobbie A. Fingers . . . [totaling] $26,610.18[.] . . .
>
> The School District's entire claim is that ATRS should not look to the School District for initial payment of these employer contributions. . . . The only issue is where ATRS may look in order to obtain the 14% employer contribution.
>
> Arkansas law provides that the ATRS Board may set the employer contribution rate. *See* Ark. Code Ann. § 24-7-401. The ATRS Board has done so and the current rate is set at the maximum allowed rate of 14%. Arkansas law further provides that "Local school districts shall pay the teacher retirement employment contribution for any eligible employee in accordance with rules established by the board." *See* Ark. Code Ann. §§ 24-7-103 and 24-7-401(e).
>
> Arkansas law provides that the local district shall pay the employer contributions on each "eligible employee." . . . Ms. Fingers was an "eligible employee."
>
> . . . .
>
> The court transcript and affidavit indicate that ATRS would receive the required employer contribution out of the $275,000 in settlement funds paid to Ms. Fingers. However, before the School District made the settlement payment to Ms. Fingers, a Release was signed by Ms. Fingers stating: "[T]he balance will be due after retirement and fees would be 10-40 taxable income for which the district is hereby authorized to make appropriate deductions to be forwarded to the Internal Revenue Service on my behalf."
>
> Thus, Ms. Fingers apparently authorized the School District, in writing, to make appropriate deductions prior to forwarding the settlement payment. However, for reasons that are unclear, the School District did not withhold the required employer contributions before making the payment. In any event, these are factual and legal issues to which ATRS does not have authority or jurisdiction to determine as "final"

or "binding" and then impose as a legal or contractual obligation on either the School District or Ms. Fingers.

In sum, ATRS has not received the employer contributions related to the remuneration paid to Bobbie Fingers as part of the settlement . . . . Because Arkansas law specifically requires payment of the employer contribution by the school district, and no basis exists for ATRS to force payment of the required employer contribution from the member, ATRS must look to the School District for payment of the employer contributions.

. . . Any statements and/or findings in this Determination Letter are not intended to function as collateral estoppel or res judicata with respect to any issue not specifically decided below, except as allowed and authorized under Arkansas law.

The issues determined as final in this administrative adjudication are: (1) a 14% contribution is owed on the litigation settlement that was ultimately paid by the School District for the benefit of Bobbie A. Fingers; (2) the 14% employer contribution equals $26,610.18 (including a small underpayment for the 2008–2009 fiscal year) as of the date of the Staff Determination Letter; (3) ATRS has not been paid the required employer contributions related to the remuneration paid by the School District to Bobbie Fingers; and (4) the School District owes ATRS employer contributions of $26,610.18, plus interest, until paid.

That ruling was appealed to the ATRS Board, and a hearing was held on August 16, 2012. The ATRS hearing officer concluded that the District was liable to ATRS for the employer contributions owed on the settlement between the District and Fingers. On December 3, 2012, the proposed order and recommendation of the hearing officer was affirmed by the ATRS Board of Trustees.

On December 28, 2012, the District filed a complaint in circuit court against appellees ATRS, George Hopkins as executive director of ATRS, and Fingers alleging that the ATRS order was arbitrary, capricious, contrary to state law, and was otherwise in error. The District alleged that the amount of money paid to Fingers above back wages did not constitute salary on which payments to ATRS were to be assessed or considered. Further,

it claimed that if any sums were due to ATRS, they were required by agreement to be paid by Fingers.

The circuit court issued a letter dated October 31, 2014, and stated that it had conducted the judicial administrative review to determine whether there was substantial evidence to support the agency's findings and found that the decision of ATRS should not be overturned. An order to this effect was filed on January 20, 2015. The District filed a timely notice of appeal, and this appeal followed.

## II. *Standard of Review*

In this appeal, our review is directed not to the decision of the circuit court, but rather to the decision of the administrative agency. *Dep't of Health & Human Servs. v. R.C.*, 368 Ark. 660, 249 S.W.3d 797 (2007). Review of administrative agency decisions, by both the circuit court and appellate courts, is limited in scope. *Ark. Dep't of Human Servs. v. Thompson*, 331 Ark. 181, 959 S.W.2d 46 (1998). The standard of review to be used by both the circuit court and the appellate court is whether there is substantial evidence to support the agency's findings. *Id.*

An appellate court sitting in review of a finding of an administrative agency must affirm the agency's finding if the finding is supported by any substantial evidence. Ark. Code Ann. § 25-15-212(h) (Repl. 2014); *C.C.B. v. Ark. Dep't of Health & Human Servs.*, 368 Ark. 540, 543–44, 247 S.W.3d 870, 872 (2007). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, giving the evidence "its strongest probative force in favor of the administrative agency." *Reed v. Arvis Harper Bail Bonds, Inc.*, 2010 Ark. 338, at 4–5, 368 S.W.3d 69, 73.

As with all appeals from administrative decisions under the Administrative Procedure Act, the circuit court or the appellate court may reverse the agency decision if it concludes that the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error or law; (5) not supported by substantial evidence of record; or (6) arbitrary, capricious, or characterized by abuse of discretion. Ark. Code Ann. § 25-15-212(h).

The party challenging the agency's decision has the burden of proving an absence of substantial evidence. *Ark. Dep't of Human Servs. v. Nelson*, 2015 Ark. App. 98, 455 S.W.3d 859. In order to establish the absence of substantial evidence, the challenging party must demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach its conclusion. *Id.* This court reviews the entire record to find whether the testimony supports the finding that was made by the ALJ. *Id.* The requirement that the agency's decision not be arbitrary or capricious is less demanding than the requirement that it be supported by substantial evidence. *Collie v. Ark. State Med. Bd.*, 370 Ark. 180, 258 S.W.3d 367 (2007). To be invalid as arbitrary or capricious, an agency's decision must lack a rational basis or rely on a finding of fact based on an erroneous view of the law. *Id.* Where the agency's decision is supported by substantial evidence, it automatically follows that it cannot be classified as unreasonable or arbitrary. *Id.*

*Odyssey Healthcare Operating A. LP v. Ark. Dep't of Human Servs., Div. of Med. Servs.*, 2015 Ark. App. 459, at 3–4, 469 S.W.3d 381, 384–85.

Initially, ATRS contends that the District did not raise any argument regarding an absence of substantial evidence or an abuse of discretion in the circuit court. ATRS claims that it can find no evidence in the record that the District made any accusations or argument regarding an absence of substantial evidence or an abuse of discretion prior to this appeal. It asserts that, because the District did not raise its arguments regarding a lack of substantial evidence and abuse of discretion in the circuit court, it waived its opportunity to raise the arguments on appeal. *Owens v. Office of Child Support Enf't*, 2011 Ark. App. 351.

Arkansas Code Annotated section 25-15-212(h) (Repl. 2014) provides as follows:

The court may affirm the decision of the agency or remand the case for further proceedings. It may reverse or modify the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the agency's statutory authority;

(3) Made upon unlawful procedure;

(4) Affected by other error or law;

(5) Not supported by substantial evidence of record; or

(6) Arbitrary, capricious, or characterized by abuse of discretion.

The circuit court's letter of October 31, 2014, made part of the final order by reference, recites the standard of review applicable herein, specifically noting that both the circuit and appellate courts review using the standard of whether there is substantial evidence to support the agency's findings. Further, the circuit court recites that "substantial evidence" is valid, legal, and persuasive evidence that a reasonable mind might accept as adequate to support the agency decision. In the accompanying order of January 20, 2015, the circuit court found that the decision of the administrative hearing officer from which the appeal arose was supported by substantial evidence. Therefore, ATRS's contention that the circuit court did not consider the issue of whether substantial evidence supported the agency's decision is not well taken.

However, we note that no mention was made of an abuse-of-discretion inquiry in the circuit court's letter or accompanying order. Nonetheless, we have held that if or when an agency's decision is supported by substantial evidence, it automatically follows that it cannot be classified as unreasonable or arbitrary. *See Odyssey Healthcare*, *supra*. Accordingly, we must determine whether substantial evidence supports the agency's decision as established by our standard of review.

III. *Argument*

The District contends that ATRS acted without substantial evidence, abused its discretion, and acted in an arbitrary and capricious manner in finding that the District was responsible for the employment contribution in derogation of the settlement between the

District and Fingers. The District contends that the parties knew an amount would be owed to ATRS and agreed to work together with ATRS to determine what that amount would be. The District further claims that the parties also agreed that anything owed to ATRS would come out of that amount already paid to Fingers, and the District would not owe anything further.

The District contends that ATRS's reliance on Arkansas Code Annotated section 24-7-103 (Repl. 2014) (providing that local school districts shall pay the teacher retirement employer-contribution rate for any eligible employee in accordance with rules and regulations established by the Board of Trustees of ATRS) is too simplistic and overlooks other code provisions. The District cites section 24-7-406(a)(2) (Repl. 2014) (where employer contributions to retirement-fund accounts may be made by an employee) and argues, therefore, that Fingers could have contributed other amounts to her account if she had wanted to do so. It also cites section 24-7-202(32)(C) (Supp. 2015) for the proposition that employees or members could receive money from school districts for things other than salary.

The District argues that ATRS has never been made a part of a lawsuit between a teacher and a school district. Further, the District contends that if ATRS wanted to dictate terms of settlements between teachers and school districts, it should lobby the Arkansas Legislature to change the law. The District asserts that ATRS cannot be allowed to dictate settlement terms, especially after those terms have already been reached.

The District has failed to cite any authority or make any legal argument in support of its alleged grounds for reversal or modification. The District simply states that a decision may be reversed on a finding of lack of substantial evidence, an abuse of discretion, or arbitrary or capricious action, then concludes, without discussion or argument, that the order should be reversed. [1] Therefore, this court will not consider the argument. *Johnson v. Encompass Ins. Co.*, 355 Ark. 1, 130 S.W.3d 553 (2003).

The District also claims that ATRS acted without substantial evidence, abused its discretion, and acted in an arbitrary and capricious manner in failing to follow the breakdown of damages as set forth in the settlement regarding back pay. The District contends that Fingers was to receive $275,000—$94,117.66 for attorney's fees, $70,000 for non-salary-related damages, and $110,882.34 for back pay less any amount owed for

---

[1] ATRS contends that the District incorrectly cited the statutory definitions of "employee" (found in Ark. Code Ann. § 24-7-202(12) [mis-cited as (22)]) and "salary" (found in Ark. Code Ann. § 24-7-202(32)(C)(i) [mis-cited as 202(c)]). Neither party cites this court to the proper version of Arkansas Code Annotated section 24-7-202. The version applicable at the time Fingers filed her lawsuit in federal court, May 2009, is found in Ark. Code Ann. § 24-7-202 (Supp. 2007), which provides the definition for "employee" at subsection 202(12) and "salary" at subsection 202(27). ATRS supplied this court with the version applicable after July 31, 2009, but before any amendments made in the 2011 legislative session, which might arguably be applicable at the time the settlement took place in August 2011. Each version of the statute contains a different definition of "salary." Neither party raised the question of the applicable statute below, both seeming to settle on the version containing the amendments through 2009 and supplied to this court in ATRS's supplemental addendum. "It is essential to judicial review under the Arkansas Administrative Procedure Act that issues must be raised before the administrative agency appealed from or they will not be addressed by this court." *Wright v. Ark. State Plant Bd.*, 311 Ark. 125, 132, 842 S.W.2d 42, 46 (1992).

employment taxes on this amount only. The District argues that these figures were derived through long and tough settlement negotiations. The District contends that the ATRS witness testified that ATRS interprets the statutes to mean that anything a member receives from the school district is salary and is to be utilized in determining the retirement percentage. A mathematical formula is used to determine the amount. However, the District argues that many factors determine computation of damages. Here, the District maintains that Fingers sought compensatory damages for loss of professional status and development for four years, not just for lost wages. The District claims that for ATRS to redefine what salary was in this situation was arbitrary, capricious, and an abuse of discretion.

ATRS characterizes the District's argument as ATRS not abandoning its statutory framework to comply with the District's wishes as described in the settlement. ATRS notes that it is not bound by the settlement because it was not a party to the settlement. It claims that the contribution owed by the District is a result of a statutory mathematical function. ATRS contends that the District incorrectly believed that it could independently designate a portion of the settlement payments as "salary" in derogation of the term's statutory definition. The fact that the District failed to correctly consider or calculate its legal obligation to make retirement contributions is perhaps unfortunate, but irrelevant.

ATRS contends, and we agree, that substantial evidence supports its finding. Important are the facts that (1) there was no ruling in federal court regarding the employer contribution to ATRS; (2) ATRS was not part of the settlement and did not review or approve the settlement or Release; (3) Fingers received $180,882.34 after attorney's fees

were paid; (4) ATRS interpreted Ark. Code Ann. § 24-4-401(c)(4) to require a 14 percent employer contribution to be paid to ATRS on all salary; (5) ATRS interpreted Ark. Code Ann. § 24-7-202(27)(B)(iii) to allow ATRS to treat as salary any remuneration paid to a member for the settlement of litigation with an ATRS employer; and (6) ATRS determined that the District was liable to it for contributions equal to 14 percent of $180,882.34, plus interest. Thus, we conclude that the evidence of record is evidence that a reasonable mind would accept as adequate to support ATRS's order.

ATRS further contends that its actions were not arbitrary, capricious, or characterized by an abuse of discretion. Because this standard is less demanding than the requirement that it be supported by substantial evidence, it automatically follows that it cannot be classified as unreasonable or arbitrary. *Odyssey Healthcare*, *supra*.

Affirmed.

VIRDEN and GRUBER, JJ., agree.

*Brazil and Brazil Law Firm, P.A.*, by: *Amy Brazil*, for appellants.

*Gill Ragon Owen, P.A.*, by: *Heartsill Ragon III* and *Aaron M. Heffington*, for appellees.